# JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 14-00258-JGB (DTBx)** | Date | February 18, 2014 |
| Title | *Joseph D. Vachon, et al. v. California Bank and Trust, et al.* | | |

Present: The Honorable   JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

Attorney(s) Present for Plaintiff(s):        Attorney(s) Present for Defendant(s):

None Present                                                   None Present

**Proceedings:**   Judgment & Order DISMISSING WITHOUT PREJUDICE Plaintiff's Complaint for Lack of Subject Matter Jurisdiction (IN CHAMBERS)

Before the Court is Plaintiff's Complaint filed on February 10, 2014. (Doc. No. 1.) "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); FW/PBS, Inc. v. Dallas, 493 U.S. 215, 231 (1990) ("federal courts are under an independent obligation to examine their own jurisdiction"); see also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

The Court finds that from the face of the Complaint, Plaintiff cannot establish this Court's subject matter jurisdiction over this action. Federal courts have original jurisdiction of all civil actions where the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states. 28 U.S.C. § 1332. Proper jurisdiction under Section 1332 requires complete diversity, such that each plaintiff must be diverse from each defendant. Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 553 (2005). In the present case, Plaintiff fails to satisfy the complete diversity requirement under Section 1332 since Plaintiff is a citizen of California (Compl. ¶ 1) and Defendant is a corporation organized and existing under California law with its principal place of business located in Corona, California (Compl. ¶ 2). Accordingly, there is no basis for this court to exercise diversity jurisdiction over this action.

The Court may alternatively have subject matter jurisdiction "when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar, Inc. v.

<u>Williams</u>, 482 U.S. 386, 392 (1987).  "A defense is not part of a plaintiff's properly pleaded statement of his or her claim."  <u>Rivet v. Regions Bank of La.</u>, 522 U.S. 470, 475 (1998).  Plaintiff's claims for quiet title and trespass arise under state, not federal, law.  (Compl. at 2.)  Accordingly, the Complaint on its face does not present a federal question.

Due to the absence of complete diversity or a federal question, the Court lacks subject matter jurisdiction over this action.  Accordingly, the Complaint is DISMISSED WITHOUT PREJUDICE.  The Court orders that such judgment be entered.

**IT IS SO ORDERED.**